UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Howard,

                Plaintiff,

v.

Nicolas Cross, et al.,

                Defendants.

Case No. 23-cv-349 (JWB/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, upon Plaintiff's Motion for Temporary Restraining Order, [Docket No. 5], and upon referral from the Honorable Jerry W. Blackwell. (Order of Referral, [Docket No. 7]).

Federal Courts have limited jurisdiction and may only hear matters which fall within the jurisdiction of the Federal Courts. Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Gonzalez v. Thaler, 132 S.Ct. 641, 649 (2012).

It is a tenet of our Federal Court system that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991) (emphasis

added). Subject matter can never be waived or forfeited, and it can be addressed at any time. See Gonzalez, 132 S.Ct. at 649. It is the plaintiff who has the affirmative obligation to plead the basis for the Court's subject matter jurisdiction. See Fed. R. Civ. P. 8(a)(1).

Thus, in the present case, the Court must determine whether or not it possesses the requisite subject matter jurisdiction to adjudicate the claims in Plaintiff's pro se Amended Complaint.

For the reasons discussed herein, the Court finds that it lacks the necessary subject matter jurisdiction to adjudicate the claims raised in Plaintiff's pro se Amended Complaint.

Plaintiff's pro se Amended Complaint alleges that individual Defendants Nicolas Cross, Bryan J. Schowalter, and Benjamin Colburn violated his "common rights" by denying Plaintiff "the right to travel unencumbered" and by issuing a warrant for his arrest. (Amended Complaint, [Docket No. 3], at Count I-II). Plaintiff also alleges that Defendants conspired to "kidnap [Plaintiff] by unlawful arrest, [followed by] many hours of unlawful incarceration," and then forced Plaintiff to pay a "ransom" for his release. (Id. at Count III). The claims raised in the Amended Complaint are unclear, but Plaintiff's filings indicate purported violations under 18 U.S.C. §§ 241 and 242. (Exhibit, [Docket No. 1-1]).

As observed above, before a Court may consider the merits of a party's claims, the Court has an independent duty to ensure it possesses the requisite subject matter jurisdiction to adjudicate the party's claims. Fed. R. Civ. P. 12(h)(3); Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two types of federal subject matter jurisdiction which are colloquially referred to as federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. See 28 U.S.C. §§ 1331, 1332(a); Mitchell v. Media Com., 511 F. App'x 595 (8th Cir.

2

2013); Briks v. Yeager, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019); Soltan v. Coburn, No. 9-cv-478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009) (citing 28 U.S.C. §§ 1331 and 1332; One Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)).  Federal question jurisdiction exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  For a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978), and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

In the present case, Plaintiff fails to specifically allege the citizenship of Defendants.  (See Amended Complaint, [Docket No. 3]).  Plaintiff's filings, however, indicate that both Plaintiff and the individual Defendants are Minnesota citizens. (See Exhibit, [Docket No. 1-1]).  In any event, it is Plaintiff's obligation to establish subject matter jurisdiction which requires alleging the citizenship of every party, if Plaintiff seeks subject matter jurisdiction based on diversity jurisdiction.  Plaintiff has failed to do so.  Furthermore, to the extent Plaintiff alleges any claims against the State of Minnesota (which is not named in the Amended Complaint but is the subject of Plaintiff's Motion for Temporary Restraining Order), diversity jurisdiction cannot exist in the present action against the State itself.

Thus, diversity jurisdiction cannot exist in the present action.  See, e.g., E3 Biofuels, LLC v. Biothan, LLC, 781 F.3d 972, 975 (8th Cir. 2015); One Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); 28 U.S.C. § 1332.

Similarly, federal question jurisdiction does not exist in the present case.  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Simply put, federal question jurisdiction is

based on an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists either when (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. Of S. California, 463 U.S. 1, 27–28 (1983).

In the present case, while Plaintiff's pro se Amended Complaint appears habeas in nature against Dakota County and the State of Minnesota, it is devoid of any factual allegations supporting a federal cause of action or a request for relief dependent on federal law. Nor are there any factual allegations related to, or other mention of, any constitutional rights. This "simply fall[s] short of establishing federal-question jurisdiction." Briks v. Yeager, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019). Plaintiff's sole averment to federal law is in his filings where he indicates purported violations of 18 U.S.C. §§ 241 and 242. However, 18 U.S.C. §§ 241 and 242 are Federal criminal statutes (not civil remedy statutes), and there is no private cause of action under these statutes. See United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) (noting that "[c]ourts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges."); Green v. Carlson, No. 19-CV-1666 (ECT/SER), 2019 WL 5400509, at *4 (D. Minn. Oct. 22, 2019) ("Section 242 provides no private right of action").

Even reading Plaintiff's pro se Amended Complaint as a whole; construing it liberally in his favor; and drawing all inferences in Plaintiff's favor, Plaintiff has simply failed to allege sufficient facts upon which this Court could reasonably find a basis for subject matter jurisdiction. Indeed, while pro se complaints and pleadings are to be construed liberally, Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015), "[p]ro se litigants are not excused from complying with court

4

orders or substantive and procedural law." Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (citing Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984)); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Therefore, as this Court lacks subject matter jurisdiction over this action, the Court recommends that this action be dismissed without prejudice. See, e.g., Jenkins v. Bowker, No. 19-cv-1051 (NEB/LIB), 2019 WL 2931581, at *2 (D. Minn. June 4, 2019), report and recommendation adopted, 2019 WL 2921796 (D. Minn. July 8, 2019).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Amended Complaint, [Docket No. 3], be **DISMISSED without prejudice** based on a lack of subject matter jurisdiction; and

2. Plaintiff's Motion for Temporary Restraining Order, [Docket No. 5], be **DENIED as moot**.

Dated: February 24, 2023                s/Leo I. Brisbois
                                        Hon. Leo I. Brisbois
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).