UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Howard *of the Yennie Family*,

    Plaintiff,

v.

Nicolas Cross *individually*,
Bryan J. Schowalter *individually*, and
Benjamin Colburn *individually, et al*,

    Defendants.

Civ. No. 23-349 (JWB/LIB)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge Leo I Brisbois dated February 24, 2023. (Doc. No. 8.) Plaintiff objects to the recommendation that this Court dismiss his amended complaint for lack of subject-matter jurisdiction. (Doc. No. 9.)

The Court reviews *de novo* the portions of the R&R to which Plaintiff objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th

Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Plaintiff is *pro se*, his objection is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed Plaintiff's objection to the February 24, 2023 R&R. Plaintiff does not identify any error of law or fact that warrants rejecting the R&R's recommendation as to his filings. Plaintiff objects to the R&R's jurisdictional ruling, but fails to establish either federal-question or diversity jurisdiction here. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) ("[T]he parties seeking a federal forum[] have the burden of establishing jurisdiction by a preponderance of the evidence.").

Plaintiff argues that his claimed violation of his right to travel raises a federal question. But he does not cite or otherwise reference any federal statute conferring a private right of action. For diversity, Plaintiff lists the Defendants as residents of Dakota County, Minnesota, and lists his own residence as Goodhue County, Minnesota, while claiming that he is actually a citizen of a foreign state. (*See* Doc. No. 9 at 2; Doc. No. 1-1.) Plaintiff offers no evidence of diverse citizenship other than his sovereign-citizen-like theories, which have been routinely and soundly rejected by federal courts. *See Minnesota v. Barry*, No. 18-CV-505 (DWF/SER), 2018 WL 2995792, at *1 (D. Minn. May 25, 2018) ("This 'sovereign citizen' argument does not provide an adequate basis for removal to federal court and has been consistently rejected in this District and elsewhere."), *report and recommendation adopted*, 2018 WL 3075983 (D. Minn. June

21, 2018); *Citi Mortg., Inc. v. Hubbard*, No. CIV. 13-144 JRT/JSM, 2014 WL 1303706, at *16 n.19 (D. Minn. Mar. 31, 2014) (describing the "sovereign citizen political theory" as "unfounded in the law"); *see also Daley Realestate v. Bester*, No. CV422-267, 2022 WL 18276705, at *2 (S.D. Ga. Nov. 16, 2022) (rejecting argument that plaintiff resident of Georgia was a "private national" and therefore not a citizen of Georgia for diversity-jurisdiction purposes), *report and recommendation adopted sub nom. Daley Real Est. v. Bester*, No. CV422-267, 2023 WL 174994 (S.D. Ga. Jan. 12, 2023).

For the amount in controversy, Plaintiff simply has not pled enough detail for the Court to determine what amount of damages might be at issue here. Plaintiff claims he was subject to "many hours of unlawful incarceration" (Doc. No. 3 at 2) or "held for several hours on two different occasions" (Doc. No. 9 at 3). Even assuming that Plaintiff could recover a similar award as the plaintiff in his cited authority ($1,000 for each hour of wrongful incarceration), his allegations are not specific enough to determine whether a potential award could exceed the $75,000 threshold.

After carefully reviewing all other portions of the R&R not specifically objected to, the Court finds that it is neither clearly erroneous nor contrary to law.[1] Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

---

[1] On the same day that Plaintiff filed his objection to the R&R, he re-filed the same Motion for Tempoarary Restraining Order that the R&R recommends be denied as moot. (Doc. No. 10.) That motion will also be denied as moot for the same reasons.

1. Plaintiff Joseph Howard's Objection to the Report and Recommendation (Doc. No. 9) is **OVERRULED;**

2. The Report and Recommendation (Doc. No. 8) is **ACCEPTED;**

3. Plaintiff's Amended Complaint (Doc. No. 3) is **DISMISSED WITHOUT PREJUDICE;** and

4. Plaintiff's Motions for Temporary Restraining Orders (Doc. Nos. 5, 10) are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: March 27, 2023

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge